UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 3:25-CR-82-KAC-DCP |
| ) | |
| JUAN CARLOS BADILLO-IZAGUIRRE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Juan Carlos Badillo-Izaguirre's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [Doc. 14], filed on October 15, 2025.

Defendant requests the Court to continue the motion deadline, set for October 16, 2025, the plea deadline, set for October 24, 2025, and the trial date, set for November 25, 2025 [*Id.* ¶ 1]. In support of his motion, Defendant states he had his initial appearance on September 18, 2025, with an initial discovery disclosure shortly thereafter [*Id.* ¶ 2]. Additionally, based on communication with the Government, Defendant anticipates a superseding indictment [*Id.*].[1] Defendant further anticipates additional discovery if additional charges are brought [*Id.*]. Defendant requests the additional time for a complete discovery disclosure and states that once disclosure is made, more time will be needed to review the discovery and determine whether any pretrial motions are appropriate [*Id.*]. Further, Defendant's counsel needs the additional time to review the discovery and the sentencing guidelines with Defendant and the potential impact of a

---

[1] The Court notes that a Superseding Indictment was filed October 15, 2025 [Doc. 15]—the same date of the filing of the subject motion.

conviction [*Id.*]. Defendant is in remote custody in Laurel County, Kentucky and requires an interpreter for all meetings and discussions [*Id.*]. Defendant needs the additional time to ensure he understands the discovery in the case and his options moving forward [*Id.*]. Defendant understands that the period of time between the filing of this motion for continuance and a rescheduled trial date shall be fully excludable for speedy trial purposes [*Id.* ¶ 4]. The Government does not oppose the request for a continuance [*Id.* ¶ 5].

Based on the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). In consideration of these factors, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant needs the additional time to review discovery, conduct research, consider pretrial motions, and otherwise prepare for trial. The Court finds that all of this cannot occur before the November 25, 2025 trial date.

The Court therefore **GRANTS** Defendant Juan Carlos Badillo-Izaguirre Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [**Doc. 14**]. The trial of this case is reset to **April 14, 2026**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on October 15, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Juan Carlos Badillo Izaguirre's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [**Doc. 14**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **April 14, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **October 15, 2025**, and the new trial date of **April 14, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **November 17, 2025,** and responses to motions are due on or before **December 1, 2025;**

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 13, 2026**;

(6) the deadline for filing motions *in limine* is **March 30, 2026**. Responses to motions *in limine* are due on or before **April 7, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **March 26, 2026, at 1:00 p.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 3, 2026.**

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge