UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-82-KAC-DCP |
| | ) | |
| JUAN CARLOS BADILLO IZAGUIRRE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the parties' Joint Motion to Continue the Trial Date [Doc. 22], which was filed on February 19, 2026.

The parties request a continuance of the trial date in this case [*Id*. at 1]. In support of the motion, the parties state the trial date is currently scheduled for April 14, 2026 [*Id.* ¶ 1]. The parties submit that a negotiated Plea Agreement has been filed with the court [*Id.* ¶ 2]. A change of plea hearing is set for April 16, 2026 [*Id.*]. The parties state that because the change of plea hearing is scheduled on a date after the currently scheduled trial date, a continuance is necessary [*Id.* ¶ 3].

Counsel for Defendant confirms that Defendant understands the period of time between the filing of his motion and a rescheduled trial date is excludable under the Speedy Trial Act. [*Id.* ¶ 4]. Defense counsel states Defendant agrees with the motion's purpose and intent [*Id.*].

Based upon the information in the parties' joint motion, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to

grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, the parties need additional time to change Defendant's plea. The Court finds that this cannot occur before the April 14, 2026, trial date.

The Court therefore **GRANTS** the Joint Motion to Continue [**Doc. 22**]. The trial date is reset to **June 9, 2026**. A new, comprehensive trial schedule is included below.[1] Because the Court has found that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on February 19, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) The parties' Joint Motion to Continue [**Doc. 22**] is **GRANTED**;

(2) the trial date is reset to commence on **June 9, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **February 19, 2026**, and the new trial date of **June 9, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing motions *in limine* is **May 26, 2026**, and responses to motions *in limine* are due on or before **June 2, 2026**;

(5) the parties are to appear before the undersigned for a final pretrial conference on **May 26, 2026, at 1:30 p.m.**; and

(6) requests for special jury instructions with appropriate citations to

---

[1] No new plea deadline is included in the new schedule as the Plea Agreement has been filed in the record [Docs. 19, 20, 21].

authority pursuant to Local Rule 7.4 shall be filed on or before **May 29, 2026**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge